**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-06-692 |
| | § | C.A. No. C-08-306 |
| ALVARO OCHOA-MOLINA, | § | |
| | § | |
| Defendant/Movant. | § | |

**ORDER DENYING MOTION TO VACATE SENTENCE
AND ORDER DENYING CERTIFICATE OF APPEALABILITY,**

Pending before the Court is Alvaro Ochoa-Molina's ("Ochoa") motion to vacate sentence under 28 U.S.C. § 2255 with supporting memorandum and affidavit. (D.E. 30.)[1] On November 20, 2008, the United States filed its combined response and motion to dismiss, or, in the alternative, for summary judgment. (D.E. 37-39.) After seeking and receiving two extensions of time to file a reply (D.E. 40-43), Ochoa filed his reply on February 23, 2009. (D.E. 44.)

For the reasons set forth below, the Court GRANTS the government's motion to dismiss and DISMISSES Ochoa's motion because it is time-barred. Additionally, the Court DENIES Ochoa a Certificate of Appealability.

**I. JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

**II. FACTUAL BACKGROUND AND PROCEEDINGS**

On October 26, 2006, Ochoa was charged in a single-count indictment with illegal reentry after deportation, in violation of 8 U.S.C. §§ 1326(a) and 1326(b). (D.E. 11.) Ochoa pleaded guilty

---

[1] Docket entries refer to the criminal case, Cr. No. C-06-692.

1

on November 21, 2006 pursuant to a written plea agreement that contained a waiver of his appellate rights (with certain exceptions inapplicable here) as well as a waiver of his rights pursuant to 28 U.S.C. § 2255. (D.E. 17, 18.)

On February 7, 2007, the Court sentenced Ochoa to 70 months in the custody of the Bureau of Prisons, to be followed by a three-year term of supervised release, and imposed a $100 special assessment. (D.E. 26, 27.) The Court also ordered that, while on supervised release, defendant would be required to participate in Mental Health Programs as deemed necessary by the United States Probation Office. The Court's judgment included deportation as a special condition. (D.E. 26, 27.) Ochoa was represented briefly by the Office of the Federal Public Defender, but attorney Hector Del Toro was appointed to represent him prior to the return of the indictment. Mr. Del Toro represented Ochoa throughout his criminal proceedings and has submitted an affidavit in response to Ochoa's allegations. (D.E. 37, Del Toro Affidavit.)

Consistent with his waiver of appellate rights, Ochoa did not appeal. He did not file any other post-conviction motions until he filed the instant § 2255 motion. His motion was received by the Clerk on September 22, 2008, and is deemed filed as of September 12, 2008.[2]

### III. MOVANT'S ALLEGATIONS

Ochoa asserts a number of claims in his § 2255 motion, all of which appear to be ineffective assistance of counsel claims. These include claims that counsel was ineffective due to:

(1) counsel's failure to file a Notice of Appeal as requested by Ochoa

---

[2] The Clerk received Ochoa's motion on September 22, 2008. The motion indicates, however, that it was signed on September 12, 2008. That is the earliest date it could have been delivered to prison officials for filing, and it is therefore deemed filed as of that earlier date. Houston v. Lack, 487 U.S. 266, 276 (1988) (a document is deemed filed by a *pro se* prisoner when it is delivered to prison authorities for mailing, postage pre-paid). See also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992) (providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings); RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS 3(d).

      and Ochoa's family members;

      (2) counsel's failure to get the sentence counsel had allegedly promised Ochoa;

      (3) counsel's failure to challenge Ochoa's PSR on the grounds of "double counting" and the PSR's statement that Ochoa's young children are all Mexican nationals, when in fact they are U.S. citizens;

      (4) counsel's failure to challenge the indictment in this case on the grounds that Ochoa's prior deportation proceeding violated his due process rights; and

      (5) counsel's failure to request a downward departure under the "fast track" program.

In addition to the foregoing claims of ineffective assistance of counsel, Ochoa also claims that the Court erred in the application of the Sentencing Guidelines in his case.

His motion also makes a passing reference to "equitable tolling," citing Fifth Circuit cases for the proposition that an attorney's "intentional deceit could warrant equitable tolling, but only if the Petitioner shows that he reasonably relied on his counsel's deceptive misrepresentations." (D.E. 30 at page "ii" (citing to United States v. Wynn, 292 F.3d 226, 230-31 (5th Cir. 2002) and United States v. Patterson, 211 F.3d 927, 931-32 (5th Cir. 2000).)

The government has filed a response in which it moves for dismissal of Ochoa's claims on the grounds that his motion is barred by § 2255's statute of limitations. The government also contends that Ochoa's claims all fall within the scope of his waiver of § 2255 rights and are thus barred from consideration due to his valid and knowing waiver. Finally, the government argues that, even if the Court were to address Ochoa's claims on their merits, they should be denied. (See generally D.E. 37-39.)

In his reply, Ochoa implicitly acknowledges that his motion was not filed within one year

3

of his conviction becoming final, but argues that the motion should nonetheless be considered timely. (D.E. 44.) In support of his argument, he points to the fact that the law library at his place of incarceration was inadequate and did not provide appropriate legal material or anyone to "provide legal assistance" to Ochoa in drafting his motion. (D.E. 44 at 1.) He also argues that his prison is "always on lock-down" and that he was unable to access the library or anyone to help him. (D.E. 44 at 1-2.) He further contends that his paperwork was confiscated and lost on some unspecified date during the process of the prison conducting a "shake-down," requiring Ochoa to begin his motion anew.

Having reviewed the record in its entirety, the Court concludes that Ochoa has failed to show that he is entitled to equitable tolling. His motion is therefore time-barred and is not properly before this Court. Because the Court determines that Ochoa's motion is time-barred, it does not reach the merits of his asserted grounds for relief, nor does it address whether those grounds are barred from consideration here as a result of his § 2255 waiver.

### IV.  ANALYSIS

**A.     Timeliness of 28 U.S.C. § 2255 Motion**

      **1.     Statute of Limitations**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255 ¶6(1). The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522, 531 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000).

As noted, judgment was entered against Ochoa on February 9, 2007. The period for Ochoa to file a notice of appeal from the judgment against him expired ten days later, Fed. R. App. P. 4(b),

excluding intermediate Saturdays, Sundays and legal holidays. Fed. R. App. P. 26. So calculated, ten days after February 9, 2007 was February 26, 2007.[3] In this case, Ochoa did not appeal. His conviction therefore became final when the time for filing an appeal expired, or on February 26, 2007. He had one year from that date to file his § 2255 motion. Ochoa' § 2255 motion is deemed filed as of September 12, 2008. Thus, his motion was filed more than six months late and is untimely.

Section 2255 also provides certain alternative dates upon which the limitations period may begin. Specifically, it provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255, ¶ 6. The Fifth Circuit has sometimes referred to the application of subsections other than subsection 1 above as "statutory tolling." As discussed in the next section, the Court interprets Ochoa's request for "tolling" liberally, as a request for both statutory and equitable tolling.

---

[3] The United States contends that Friday, February 23, 2007 was the last day Ochoa could have filed a timely Notice of Appeal. (D.E. 37 at 5, n.4.) This is incorrect. The days excluded from the ten-day period include weekends and intervening holidays, which, in this case, included Washington's Birthday, celebrated on February 19, 2007.

## 2. Ochoa Is Not Entitled To Statutory or Equitable Tolling

As noted, Ochoa claims that he could not timely file his motion because the prison where he was incarcerated was on "constant" lockdown, and he did not have anyone legally trained in the law to assist him. Although Ochoa does not cite directly to § 2255, ¶6(2), the Court examines whether this subsection might be applicable to his claims. The Fifth Circuit has recognized in a different context that, in limited circumstances, the government's failure to maintain an adequate law library could result in an "impediment" under a provision similar to § 2255. Egerton v. Cockrell, 334 F.3d 433 (5th Cir. 2003).

In Egerton, the Fifth Circuit addressed 28 U.S.C. § 2244(d)(1)(B), which governs the limitations period for filing petitions under 28 U.S.C. § 2254 and is nearly identical to 28 U.S.C. §2255, ¶6(2).[4] The district court in the Egerton case had initially dismissed the habeas corpus petition filed under § 2254 as time-barred. 334 F.3d at 434-5. The petitioner argued that during his incarceration, he was denied all access to a law library and denied any legal materials. Id. at 435. He also alleged that, once he was given access to a law library, it was inadequate because it lacked the federal materials necessary for him to pursue habeas relief, including the book containing 28 U.S.C. § 2244(d)(1), which set forth the applicable limitations period. Id. The district court found that he had not alleged sufficient facts to entitle him to either statutory or equitable tolling and dismissed the petition as time-barred. Id. It also denied the petitioner's request for a COA. Id.

The Fifth Circuit then granted a COA with a limited remand to determine "whether Egerton

---

[4] As noted, § 2255, ¶6(2) states that the limitations period for filing a motion runs from the latest of "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action." Section 2244(d)(1)(B) provides that the limitation period for filing a writ of habeas corpus runs from the latest of "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."

was aware of the existence of [the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")] prior to the expiration of the limitations period." Id.  On remand, the state failed to produce any evidence whatsoever that the allegedly inadequate prison unit had the pertinent federal statute in its law library during the period in question. Id. at 436.  Thus, the district court concluded on remand that the library did not contain the statute. Id.  The district court also found that Egerton did not have actual knowledge of the AEDPA. Id.

After the limited remand where the district court made these additional findings, the Fifth Circuit granted a second COA to determine "whether inadequacy of [the petitioner's] prisons' law libraries constituted a state created impediment under § 2244(d)(1)(B)." Id. at 436.  The Fifth Circuit ultimately held that an inadequate prison library which did not contain copies of AEDPA (which contains the limitations period for filing habeas petitions), could constitute a state impediment that would toll the one-year limitations period pursuant to § 2244(d)(1)(B), under certain limited circumstances. Id. at 438-39.  The Egerton court also distinguished the case before it from various other cases in which the Fifth Circuit had held that the lack of an adequate prison library would not result in statutory or equitable tolling. Id. at 437-438.  Notably, the Egerton court referred repeatedly to the state's complete failure on remand to produce any evidence showing the federal statute was present in the prison library. Id. at 436, 438.

This case is distinguishable from Egerton.  As an initial matter, Ochoa has not alleged that he did not have access to a copy of 28 U.S.C. § 2255, as did Egerton; rather, he merely alleges that he was not given adequate access to the library or to legal assistance.
Moreover, Ochoa does not provide any dates that the prison was allegedly on lockdown, nor any

supporting documentation to prove the dates that the facility was on lockdown.[5] The United States has not provided any such information, either, presumably because this basis for tolling was raised for the first time in Ochoa's reply. In any event, it is Ochoa's burden to show that he is entitled to tolling, not the United States' burden to disprove it. Ochoa has simply not met that burden.[6] Not only has he failed to support his bald assertion that his prison was "always" on lockdown (D.E. 44 at 1), but he also has failed to allege or show how the lack of any specific legal materials prevented him from filing a Section 2255 motion.

Considering the entirety of the record, the Court concludes that Ochoa has not sufficiently shown that there was an "impediment" created by the government that prevented him from being able to file his § 2255 motion in a timely fashion. Accordingly, the Court concludes that he is not entitled to statutory tolling under § 2255, ¶6(2).

Having found that subsection (2) is inapplicable to this case and that Ochoa is therefore not entitled to so-called "statutory tolling," the limitations period for Ochoa to file his § 2255 is governed by subsection (1). Under that provision, as noted, his motion was filed more than six months late. It is thus time-barred and may not be considered by this Court.

The only doctrine that could save Ochoa's untimely motion is the doctrine of equitable

---

[5] Although Ochoa's reply indicates that he is submitting into evidence exhibits 1, 2, and 3 to show the dates his prison has been on lock down, he does not attach any documents to his reply. Nor are there any "exhibits" attached to either of his motions for extension of time, which contain similar allegations.

[6] Additionally, although the United States has not filed any documentation in this case, in a recent case involving another inmate incarcerated at Reeves, the United States produced records showing that Reeves County Detention Center, where Ochoa is incarcerated, does have a library, and was on lockdown for only 14 days between March 7, 2007 and September 4, 2008. United States v. Saenz-Lopez, 2009 WL 453932, *3 (N.D. Tex. Feb. 23, 2009) (adopting findings of Magistrate Judge). Notably, this period encompasses all but the first few weeks of the year Ochoa had to prepare and file his § 2255 motion.

8

tolling. However, there is no basis for equitable tolling in this case. Quite simply, Ochoa has not alleged facts sufficient to entitle him to equitable tolling. The limitations period for § 2255 motions is subject to equitable tolling "only 'in rare and exceptional cases.'" United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002), cert. denied, 123 S. Ct. 2630 (2003) (quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). Even if the Court accepted Ochoa's allegations concerning the alleged lack of access to the law library, he would not be entitled to equitable tolling. Indeed, the Fifth Circuit has expressly held that "an inadequate law library dos not constitute a 'rare and exceptional' circumstance warranting equitable tolling." Egerton, 334 F.3d at 437 (citing Scott v. Johnson, 227 F.3d 260, 263 & n.3 (5th Cir. 2000)); see also Felder v. Johnson, 204 F.3d 168, 171-72 (5th Cir. 2000) (rejecting argument that inadequate law library entitled petitioner to equitable tolling).

For the reasons set forth above, Ochoa's § 2255 Motion is DENIED as time-barred.

**B.     Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Ochoa has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El

9

v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Ochoa has stated a valid claim for relief, because he cannot establish the second Slack criterion. That is, reasonable jurists could not disagree that his motion is time-barred. Accordingly, Ochoa is not entitled to a COA.

## V.  CONCLUSION

For the foregoing reasons, Ochoa's motion to vacate sentence (D.E. 30) is DENIED. He is also DENIED a Certificate of Appealability.

ORDERED this 16th day of March, 2009.

_____
Janis Graham Jack
United States District Judge